Byron L. **DORGAN**, Tax Commissioner, State of North Dakota, Petitioner and Appellee,

v.

Jerry M. **GASSER**, Respondent and Appellant.

Byron L. **DORGAN**, Tax Commissioner, State of North Dakota, Petitioner and Appellee,

v.

Robert W. **GILLIES**, Respondent and Appellant.

Civ. Nos. 9517, 9518.

Supreme Court of North Dakota.

Nov. 28, 1978.

Rehearing Denied Jan. 10, 1979.

---

Robert W. Wirtz, Sp. Asst. Atty. Gen., State Tax Dept., Bismarck, for petitioner and appellee.

Jerry M. Gasser, pro se.

Robert W. Gillies, pro se.

PEDERSON, Justice.

This is an appeal by Jerry M. Gasser and Robert W. Gillies from a district court writ of mandamus compelling them to file returns from which their income tax liabilities to the State of North Dakota can be ascertained. The district court found that in 1976 Gasser and Gillies each earned gross income in excess of the amount which would exempt them from the filing requirement of § 57–38–31, NDCC.

Gasser and Gillies each filed an individual tax Form 37 for the year 1976 which contained only his name and address. In response to questions asking for their social security numbers, filing status, occupations, and personal exemptions, Gasser and Gillies inserted: "OBJECT * *." In response to the questions for lines 9 through 19 on Form 37, they inserted: "OBJECT—Self Incrimination * *." In the blanks for line "(H)" and lines 1–27 of Schedule 2 of Form 37, they inserted: "OBJECT—Self Incrimination * *." The double asterisks refer to the following statement at the bottom of Schedule 2: "THIS MEANS THAT OBJECTION IS TAKEN TO THE SPECIFIC QUESTION ON GROUNDS OF THE 4TH AND 5TH AMENDMENTS OF THE U. S. CONSTITUTION."

Gasser and Gillies each attached a 1976 Federal Income Tax Form 1040 to his North Dakota Form 37. The Federal Form 1040 contained no more information than the North Dakota Form 37. Attached to the form filed by each were miscellaneous news stories, interviews, letters, magazine articles, and other memoranda, which apparently explain the Fourth and Fifth Amendment objections that Gasser and Gillies have to the state income tax laws. Chapter 57–38, NDCC.

Gasser and Gillies contend that a required disclosure of tax information is a search and seizure under the Fourth Amendment. They argue that the Fourth Amendment provides "guaranteed privacy" in their persons, papers, houses, and effects:

> "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Only unreasonable searches and seizures are prohibited. *Harris v. United States,* 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947). The requirement that taxpayers furnish information on their returns from which income tax liability can be determined is neither a search nor a seizure under the Fourth Amendment. See *California Bankers Association v. Shultz,* 416 U.S. 21, 60, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974).

In *Dorgan v. Kouba,* 274 N.W.2d 167 (N.D.1978),[1] decided by our court today, we addressed the other issues which Gasser and

---

1. Copies furnished to litigants.

Gillies attempt to raise on this appeal. For the reasons set forth in *Kouba*, we hold that Gasser and Gillies have failed to file a return within the meaning of §§ 57–38–31 and 57–38–33, NDCC, and that the parties have not asserted a valid Fifth Amendment privilege on their tax forms. We do not believe that the questions asked on Form 37 pose a danger of incrimination to either Gasser or Gillies.

Accordingly, we affirm the issuance of the writ of mandamus by the district court directing Gasser and Gillies to file a complete return from which their income tax liability can be determined.

ERICKSTAD, C. J., and PAULSON, SAND and VandeWALLE, JJ., concur.