**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Jerry M. GASSER, Defendant and Appellant.**

**Civ. No. 9864.**

Supreme Court of North Dakota.

May 28, 1981.

Robert W. Wirtz, Asst. Atty. Gen., Bismarck, for plaintiff and appellee State of North Dakota.

Jerry M. Gasser, pro se.

VANDE WALLE, Justice.

Jerry M. Gasser, appearing pro se, appeals "... from the judgment rendered against him in this Court [the district court of Grand Forks County] on August 28, 1980, ..." The State has moved to dismiss Gasser's appeal. The State's motion to dismiss is granted and the summary judgment of the district court is affirmed.

In May of 1978 the State initiated the underlying action involved in this appeal. That action was brought in an effort to collect civil penalties imposed against Gasser by the State Tax Commissioner pursuant to Section 57–38–45(3), N.D.C.C. The State filed a motion for summary judgment dated July 14, 1980, and that motion was heard on August 28, 1980. Following argument by the State and Gasser, the trial court determined that the State was entitled to summary judgment pursuant to Rule 56, N.D.R.Civ.P. At the close of the hearing the trial judge stated:

"The findings and determination by the Court will be directed to be transcribed for the Court's signature and stands as a memorandum decision in the case and from which appropriate findings of fact, conclusions of law, and order for judgment consistent therewith may be prepared by the State in due course.

"Defendant has a right of appeal to the North Dakota Supreme Court of this decision within the time as provided for by the statute and rules accordingly made for such cases."

On September 5, 1980, one week after the hearing on the State's motion for summary judgment, Gasser filed a notice of appeal in the district court of Grand Forks County. In that notice of appeal Gasser stated that the appeal was ". . . from the judgment rendered against him in this court on August 28, 1980, . . ." On October 3, 1980, the trial court signed a written order granting the State's motion for summary judgment. The judgment was entered on October 9, 1980. A notice of entry of judgment was mailed to Gasser on October 14, 1980.

 The State has filed a motion to dismiss Gasser's appeal, claiming that Gasser is appealing from an oral ruling made by the trial court from the bench, and that this being the case, the appeal stems from a nonappealable intermediate ruling by the trial court. Gasser, who appeared pro se at the motion hearing, claims that he is appealing from the trial court's word given at the time of the oral ruling from the bench.

Rule 4(a), N.D.R.App.P., sets forth the time limits regarding the filing of a notice of appeal. That rule states, in part:

"In a civil case the notice of appeal . . . shall be filed with the clerk of the trial court within 60 days of the date of the service of notice of entry of the judgment or order appealed from."

While many of the problems which call for an examination of this rule may be in the nature of tardy appeal notices, Gasser's notice of appeal is at the opposite end of the spectrum in that he filed the notice too early. More precisely, Gasser's notice of appeal related to an occurrence which had not yet matured into an appealable event. We have previously considered the issue of premature appeals and our position is clear regarding such appeals.

In *Gebeke v. Arthur Mercantile Company*, 138 N.W.2d 796 (N.D.1965), the plaintiff appealed from orders granting the defendants' motions for summary judgment. The orders were made on May 7, 1965, and the judgments were entered on May 10 and May 13, 1965. However, the plaintiff's notice of appeal indicated that the appeal was from the orders made on May 7, 1965. The defendants moved to dismiss the appeal on the ground that the orders appealed from were intermediate orders and not appealable. This court pointed out that appeals from orders of the district court are limited to those described in Section 28–27–02, N.D. C.C.; that an order for entry of judgment is an intermediate order which requires the entry of judgment to give it effect and that such an order is not appealable; and that an order for entry of summary judgment must be treated the same as an order for judgment and that it therefore is not an appealable order. In *Gebeke, supra,* we concluded by declaring that because no appeal had been taken from the judgments this court was without jurisdiction to proceed further on the matter.

In the present case we must conclude that if an order for entry of summary judgment is not appealable, then certainly an oral recitation from the trial court bench indicating that such an order will be issued

cannot be elevated to appealable status. On that basis, this court is without jurisdiction to proceed further on the matter.

There is a provision within Rule 4(a), N.D.R.App.P., which extends the 60-day filing deadline to not more than 90 days after service of notice of entry of the judgment or order appealed from. This extension is contingent upon a showing of excusable neglect. An error such as the one made by Gasser in this case conceivably could be corrected through the use of that provision. However, in this particular case the 90-day time limit has long ago expired. Thus that provision does not afford Gasser an opportunity to correct his appeal. *Cottle v. Kranz*, 231 N.W.2d 777 (N.D.1975).

 Although he does not expressly request consideration because of his pro se status, Gasser alludes to the fact that his erroneous filing was due to his lack of knowledge regarding the difference between an oral announcement from the trial court bench and a judgment which has been entered. We need only remind Gasser that it is well settled in this State that rules or statutes will not be modified or applied differently merely because a party not learned in the law is acting pro se. *State v. Faul*, 300 N.W.2d 827 (N.D.1980); *Latendresse v. Latendresse*, 294 N.W.2d 742 (N.D. 1980); *Lang v. Basin Electric Power Co.*, 274 N.W.2d 253 (N.D.1979); *Dorgan v. Mercil*, 269 N.W.2d 99 (N.D.1978).

We have concluded that Gasser's appeal from the summary judgment against him is not properly before this court. This conclusion rests on a technicality which would forever foreclose Gasser from appealing that summary judgment. Because of this we have allowed Gasser to present oral argument regarding the summary judgment through the use of a portion of his allotted time for resisting this motion to dismiss his appeal. In addition, we have read and considered the merits of the issues raised by Gasser in the brief he has sub-mitted in anticipation of this appeal. *Saetz v. Heiser*, 240 N.W.2d 67 (N.D.1976). However, we have determined that the issues raised by Gasser are not meritorious in that they have previously been raised and settled.

This is Gasser's third time before this court on tax matters. All three appearances are linked directly to his failure to file a 1976 tax return from which his income-tax liabilities to the State of North Dakota could be ascertained. In *Gasser v. Dorgan*, 261 N.W.2d 386 (N.D.1977), Gasser had requested that a subpoena duces tecum issued by the State Tax Commissioner be quashed and that the Commissioner be permanently enjoined from obtaining or attempting to obtain information regarding Gasser from a bank. Gasser's motion was denied and he appealed to this court and also moved to suppress the evidence obtained by the Commissioner. This court ruled that the issue of the Commissioner's gathering of information was moot because that information had already been gathered. We also ruled that the motion to suppress should be dismissed because it could be raised at an appropriate time in a subsequent proceeding and because it involved a private interest rather than one affecting the public at large and therefore was outside this court's original jurisdiction.

██ One year after *Gasser v. Dorgan, supra*, Gasser was back before this court. In *Dorgan v. Gasser*, 274 N.W.2d 173 (N.D. 1978), Gasser raised the same issues which he attempts to raise in the present appeal. While the specific issue decided in *Dorgan v. Gasser, supra*,[1] is not presently before us, the other issues raised in that appeal, which Gasser again attempts to raise here, were considered by us in a companion case decided the same day. See *Dorgan v. Kouba*, 274 N.W.2d 167 (N.D.1978). Specifically, Gasser claims that throughout the legal proceedings regarding his failure to file a proper State tax return for 1976 he has never

---

1. The only issue decided in that case was whether or not the requirement that taxpayers furnish information on their returns from which income-tax liability can be determined is a search and seizure under the Fourth Amendment. We answered in the negative regarding both "search" and "seizure."

been afforded a trial by jury. However, as decided in *Dorgan v. Kouba, supra,* the nature of the issue involved in Gasser's conflicts with the Tax Commissioner did not involve questions of fact, and thus no jury was required.

 Gasser also asserts that should the outcome of his appeal be that he must pay the civil penalties imposed by the Tax Commissioner, he will be unable to make payment without violating Article I, Section 10, of the United States Constitution.[2] Gasser claims to have no gold or silver coins with which to make payment. This issue was raised and settled in *Dorgan v. Kouba, supra,* where we recognized that federal reserve notes are on an equal basis with other currency, including coins, of the United States and are legal tender for all debts.

The only issue raised by Gasser here which has not been considered by this court in Gasser's previous appearances before us is the one he raises regarding the amounts of the civil penalties. It is important to keep in mind that even if Gasser had properly appealed this case that appeal would have been from entry of summary judgment against him. As in all cases where we review a summary judgment, our task here would be to determine whether or not any issue of material fact existed that would have precluded summary judgment. In this case, there were no disputed questions of fact.[3] Gasser's real complaint regarding the civil penalties imposed by the Tax Commissioner is that he believes they are arbitrary and excessive. Gasser's State tax liability for 1976 was $290.98. The penalties imposed amount to $2,000. Gasser likens this to capital punishment being imposed for stealing a small item from a store. However, while we are aware of no statutory provision allowing capital punishment to be administered for stealing a small item,

we do note that Section 57–38–45(3), N.D. C.C., expressly provides for civil penalties up to $1,000 for each violation. Gasser was fined, pursuant to Section 57–38–45(3), N.D. C.C., $1,000 for failing to pay his business-privilege tax liability for 1976 and $1,000 for failing to pay his personal income-tax liability for 1976. The authority to impose penalties to that extent clearly rests in Section 57–38–45(3), N.D.C.C., and we will not second-guess the Legislature's intent to have that section's provisions employed with an eye toward deterring noncompliance with this State's tax laws.

In light of the above discussion, we conclude that even if Gasser had complied with the North Dakota Rules of Appellate Procedure and had properly filed his notice of appeal, his appeal is without merit. The State's motion to dismiss Gasser's appeal is granted and the summary judgment is affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.

---

2. Article I, Section 10, provides, in part:
 "*Section 10.* No State shall . . . make any Thing but gold and silver Coin a Tender in Payment of Debts; . . ."

3. Gasser claims that the question of whether or not the original State income-tax return he submitted to the Tax Commissioner for 1976 con-

stituted a properly filed tax return is a question of fact. This determination, he believes, should be made by a jury. However, we again point out that this court has decided both the tax-return question and the jury question. See *Dorgan v. Gasser,* 274 N.W.2d 173 (N.D.1978), and *Dorgan v. Kouba,* 274 N.W.2d 167 (N.D.1978).