**STATE of North Dakota, For the Benefit of the EMPLOYEES OF the STATE PENITENTIARY, DIRECTOR OF INSTITUTIONS, and others, Plaintiff and Appellee,**

v.

**Herbert O. JENSEN, Defendant and Appellant.**

**Civ. No. 10289.**

Supreme Court of North Dakota.

March 3, 1983.

Edwin F. Zuern, Asst. Atty. Gen., Bismarck, for plaintiff and appellee State of North Dakota.

Calvin Hoovestol, Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

Herbert O. Jensen has appealed from a permanent injunction issued by the district court which enjoined him from filing any liens against the property of any State employee during the pendency of a Federal civil-rights action filed by Jensen. Jensen also was enjoined from filing liens against anyone without the advice of counsel. We affirm.

Herbert O. Jensen is an inmate at the State Penitentiary. At a time when his appeal to the Eighth Circuit Court of Appeals in a previous civil-rights action was pending, inmate Jensen filed personal and real-property liens with the Register of Deeds against the property of the defendants in that action, all of whom were State employees. The United States District Court for North Dakota ordered Jensen to remove the liens and prohibited him from filing any further liens in connection with that lawsuit without approval from the court. In ordering removal of the liens, the court reasoned that, under the provisions of Chapter 35–01 of the North Dakota Century Code, no lien could be claimed unless a money judgment had been entered in favor of the person claiming the lien.[1]

Jensen subsequently filed another civil-rights action in Federal court under 42 U.S.C. § 1983. Using Rule 64 of the Federal Rules of Civil Procedure, Jensen again attempted to file liens with the Register of Deeds against the real and personal property of a number of State employees. The Register of Deeds refused to file the liens because of improper form and inadequate fees.

Following Jensen's unsuccessful attempt to file these liens, the State commenced an action in State district court to permanently enjoin Jensen from filing such liens against State employees. The State's motion for a temporary restraining order was granted, and following a hearing on the request for an injunction, the district court permanently enjoined Jensen from filing liens against the property of State employees during a pending lawsuit.[2] Jensen has appealed from the permanent injunction issued by the district court.

Jensen has raised the following issues on appeal:

1. Does the State district court have subject-matter jurisdiction to enjoin attempts by Jensen to file liens with the Register of Deeds when such liens are filed ancillary to a 42 U.S.C. § 1983 action and pursuant to Rule 64 of the Federal Rules of Civil Procedure?

2. Is the State, through the office of the Attorney General, the proper party to seek an injunction to prevent the filing of liens by Jensen against the property of individuals who are State employees?

3. Is a permanent injunction an appropriate remedy in this case?

4. Is the language of the permanent injunction overbroad?

Jensen argues the State district court lacked jurisdiction to issue an injunction in the instant case. Jensen contends that an injunction in this case could be granted only

1. In its order requiring Jensen to release all liens filed and prohibiting him from filing any further liens, the United States District Court stated:

"Chapter 35–01 of the North Dakota Century Code governs the creation and effect of a lien—which is a charge imposed upon specific property by which it is made security for the performance of an act—in North Dakota. A lien is created either by contract or operation of law; however, *no lien arises by operation of law until the time at which the act to be secured thereby ought to be performed.* The underlying claim for damages in this case is one sounding in tort; therefore, no lien arises or is created by operation of law until the time at which the act to be secured—the payment of a money judgment in favor of the judgment creditor—has arrived. Thus, in the situation involving an unliquidated tort claim, no lien can be claimed until such time as a money judgment has been

entered in favor of the person claiming the lien.

"In this case no lien has been created either by contract or by operation of law. Hence, a document purporting to be a 'lien' filed by the Plaintiff Jensen, under the circumstances as above described, would appear to have little or no *legal* significance. However, such a filing may well result in a 'cloud' on the title to real property and as such, have substantial *real* significance." [Emphasis in original.]

2. The final order issuing a permanent injunction against Jensen enjoined him from:

"1. Filing any liens on any property of a state employee based on a pending lawsuit filed by the defendants in any jurisdiction.

"2. From filing any liens against anyone in which the defendant feels that he may have a legitimate claim under state law before he first obtains the advice to file such lien or liens from a duly licensed attorney."

by the United States District Court. Jensen commenced a civil-rights action in Federal court alleging a violation of 42 U.S.C. § 1983.[3] While the civil-rights action was pending, Jensen attempted to file liens with the Register of Deeds against the property of several State employees named as defendants in the § 1983 action, under Rule 64 of the Federal Rules of Civil Procedure.[4]

Jensen attempted to file liens against the property of State employees under the provisions of North Dakota law. The State commenced an action in State district court to prevent Jensen from filing those liens. No statute of the United States is applicable to the filing of the liens or to the injunction to prevent filing and therefore, in this instance, the law of the State in which the United States District Court is held must apply.

Article VI, Section 8, of the North Dakota Constitution and Section 27–05–06 of the North Dakota Century Code provide for the jurisdiction of the State district courts.[5] These provisions confer upon the State district courts the jurisdiction to issue an injunction against the filing of liens by Jensen. Furthermore, an injunction may properly be granted, in accordance with the provisions of Chapter 32–05, N.D.C.C., to prohibit the filing of documents with the Register of Deeds when the liens purportedly created by the filing of such documents are not valid under State law.

 The State district court did not, as Jensen asserts, usurp the jurisdiction of the United States District Court when it issued an injunction in the instant case. Jensen's civil-rights action in Federal court remains

---

**3.** 42 U.S.C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

**4.** Rule 64, F.R.Civ.P., provides:

"At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available *under the circumstances and in the manner provided by the law of the state in which the district court is held,* existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be

obtained by an independent action." [Emphasis added.]

**5.** N.D. Const. Art. VI, § 8, provides:

"The district court shall have original jurisdiction of all causes, except as otherwise provided by law, and such appellate jurisdiction as may be provided by law or by rule of the supreme court. The district court shall have authority to issue such writs as are necessary to the proper exercise of its jurisdiction."

The relevant parts of § 27–05–06, N.D.C.C., in effect in 1982, provide:

"The district courts of this state have the general jurisdiction conferred upon them by the constitution, and in the exercise of such jurisdiction they have power to issue all writs, process, and commissions provided therein or by law or which may be necessary for the due execution of the powers with which they are vested. Such courts shall have:

"1. Common-law jurisdiction and authority within their respective judicial districts for the redress of all wrongs committed against the laws of this state affecting persons or property.

"2. Power to hear and determine all civil actions and proceedings.

"3. All the powers, according to the usages of courts of law and equity, necessary to the full and complete jurisdiction of the causes and parties and the full and complete administration of justice, and to carrying into effect their judgments, orders, and other determinations, subject to a reexamination by the supreme court as provided by law."

unaffected by the injunction. However, when Jensen elected to use the laws of this State in an attempt to obtain prejudgment security for a possible judgment in his Federal civil-rights claim, his action fell within the ambit of the State court's jurisdiction and, accordingly, the State court could properly exercise its jurisdiction to enjoin his attempts to file these liens.

■ Jensen contends that even if the State district court had jurisdiction to issue an injunction in this case, the State, through the office of the Attorney General, was not a proper plaintiff to seek an injunction. Because the liens were filed against the property of individuals and not against the State, Jensen asserts that the Attorney General is without authority to seek an injunction on behalf of these individual State employees. Jensen claims that no statute gives the Attorney General the authority to act in this case.

Section 54–12–01, N.D.C.C., provides, in part, that the Attorney General shall:

> "2. Institute and prosecute all actions and proceedings in favor or for the use of the state which may be necessary in the execution of the duties of any state officer."

The Director of Institutions is a State officer on whose behalf the Attorney General may institute an action which may be necessary for the proper execution of the duties of his office. Secs. 54–06–01 and 54–21–06, N.D.C.C. The Director of Institutions is empowered to manage, control, and govern the State Penitentiary. Sec. 54–23–01, N.D.C.C. The Director of Institutions appoints the warden at the penitentiary and approves the appointment of all penitentiary officers and employees. Secs. 54–23–02 and 12–47–06, N.D.C.C. The warden, as the general superintendent of the penitentiary, is charged with the responsibility of appointing and supervising all other officers and employees at the penitentiary. The warden may be removed by the Director of Institutions for inability to perform the duties of his office. Sec. 12–47–06, N.D.C.C.

■ Jensen attempted to file liens against the property of the warden and several employees of the State Penitentiary. These liens were not authorized by law.[6] The filing of liens which have no basis in the law against the property of penitentiary employees could not effectively secure a future judgment, but served only to distress and harass State employees by creating unwarranted clouds on the titles to their property. These unauthorized liens have a detrimental effect upon the morale and well-being of penitentiary employees, which affects the management and control of the penitentiary and thus interferes with the execution of the duties of the Director of Institutions. Such a practice cannot be tolerated. The action to halt any future attempts by Jensen to file unauthorized liens was properly commenced by the Attorney General under Section 54–12–01(2), N.D.C.C.

■ Furthermore, this court in *State ex rel. Burgum v. Hooker,* 87 N.W.2d 337, 340 (N.D.1957), stated:

> "It has been repeatedly held that the state has the right, independent of any statutory provision, to institute a suit in any of its courts when it is required for the general welfare of its people. 'It possesses this right both in its sovereign capacity and by virtue of its corporate rights.' 49 Am.Jur., *States, Territories, and Dependencies,* Section 80, pp. 292, 293."

---

**6.** Section 35–01–04, N.D.C.C., provides, in part:

"A lien or security interest is created by contract or by operation of law. No lien arises by operation of law until the time at which the act to be secured thereby ought to be performed."

No act need be performed in this case until a judgment is entered in favor of Jensen on his civil-rights claim, and therefore no lien can arise by operation of law until that time.

Although denominated as "liens" under Chapter 35–01, N.D.C.C., the documents Jensen attempted to file in the instant case were more in the nature of Chapter 32–08.1, N.D. C.C., attachments. Even though Jensen contends that we should treat these "liens" as valid prejudgment attachments, we cannot do so. Jensen did not comply with the requirements of Chapter 32–08.1 and therefore is not entitled to its protections.

The Montana Supreme Court, in a recent decision sustaining an award of $100,000 in punitive damages against a defendant who had filed "common law" liens against the property of a highway patrolman who had issued a speeding ticket to the defendant, stated:

> "We have had other examples in recent years of persons asserting dark and ominous common law rights superseding our constitutions and our statutes. The attorney general of this state has been called upon to issue an opinion that nonstatutory 'common law liens' filed against public officers on the mere whims of the claimed lienors are invalid, and to instruct county clerks and recorders not to accept the same for filing. There is a need for example against this kind of lien claims." *Johnson v. Murray,* 656 P.2d 170, 177 (Mont.1982).

■ This court recognizes that a strong and stable corrections system is necessary to protect the general welfare of the people. We cannot allow that system to be undermined by permitting an inmate to indiscriminately file liens not authorized by law against the property of several State Penitentiary employees.

■ This is not to say that Jensen is not entitled to pursue his civil-rights claim in Federal court and, if successful, to use procedures provided by State law to collect on that judgment. Jensen may not, however, file unauthorized liens against State employees which serve no legitimate purpose. Penitentiary employees should not be burdened with the constant threat of having their property unjustifiably encumbered by a dissatisfied inmate.

■ Jensen contends that, even if the State district court had jurisdiction and the State could properly bring this action, the permanent injunction ordered is an inappropriate remedy in this case, and, in any event, that the language of the injunction is overbroad. Jensen argues that the State district court lacks statutory authority under Sections 32–05–01, 32–05–04, and 32–05–05, N.D.C.C., to grant the extraordinary equitable remedy of injunction in this case, and, furthermore, that such a remedy is inappropriate because adequate remedies at law exist and because the filing of liens against the property of several State employees does not cause irreparable harm.

■ The granting or denying of injunctive relief is equitable in nature and rests in the sound discretion of the trial court. The trial court's ruling will not be reversed on appeal unless there has been an abuse of discretion. *Allen v. Minot Amusement Corp.,* 312 N.W.2d 698, 701 (N.D.1981).

Any purported lien filed by Jensen would encumber the property of the State employee against whom the lien was filed and effectively inhibit the alienability of that property. Taking into consideration the current economic and housing market conditions, this unwarranted cloud on the title could result in damages which would be difficult to ascertain and could cause irreparable harm to the State employee. Furthermore, the damage to the morale of the penitentiary employee and the detrimental effect upon the corrections system as a whole caused by these liens are difficult to measure.

Jensen had attempted to file unauthorized liens in a previous civil-rights case. When the Federal court judge ordered Jensen to remove those liens and not to file any more liens in that lawsuit, Jensen commenced a second Federal civil-rights action and again proceeded to file liens which had no legal basis against the property of State employees. Absent an injunction, Jensen could continue his attempts to file these unauthorized liens indefinitely.

Jensen contends that the language of the injunction is overbroad. Jensen bases this contention upon the following statement by the trial judge at the injunction hearing:

> "... I do hereby enjoin Mr. Jensen from filing *any further documents* with the Register of Deeds for Burleigh County except such liens as are authorized by the laws of the State of North Dakota." [Emphasis added.]

Jensen asserts the reference to "any further documents" is overbroad.

■ The language of the injunction issued by the court does not include the words "any further documents."[7] The injunction issued by the court does not prohibit Jensen from using a lawful means to secure any possible judgment he might obtain. It simply prohibits him from attempting to file liens prematurely, contrary to the provisions of Section 35–01–04, N.D.C.C.

We conclude that the trial court did not abuse its discretion in granting injunctive relief and, further, that the language of the injunction is not overbroad, but is properly limited to prohibit Jensen from filing any liens that have no basis in the law.

■ Finally, the Attorney General requests that the State be allowed a reasonable amount for costs, damages, and attorney fees. The district court did not tax costs or attorney fees against either party. If the court finds a claim for relief to be frivolous it may, in its discretion, award attorney fees. Sec. 28–26–01(2), N.D.C.C. We do not believe the trial court abused its discretion when it declined to grant to the State the costs and fees requested at trial.

For the reasons stated, the injunction was properly granted and the order of the district court is affirmed.

ERICKSTAD, C.J., and PEDERSON, PAULSON and SAND, JJ., concur.