Edwin F. ZUERN, Plaintiff
and Appellee,

v.

Herbert O. JENSEN, Defendant
and Appellant.

Jack D. PAUL, Plaintiff and Appellee,

v.

Herbert O. JENSEN, Defendant
and Appellant.

Civ. Nos. 10419, 10420.

Supreme Court of North Dakota.

June 24, 1983.

Edwin F. Zuern, Sp. Asst. Atty. Gen., Bismarck, for plaintiffs and appellees; argued by Edwin F. Zuern, Sp. Asst. Atty. Gen., Bismarck.

Herbert O. Jensen, pro se.

ERICKSTAD, Chief Justice.

On the plaintiffs' motion, the County Court of Burleigh County entered an order, dated December 7, 1982, dismissing, without prejudice, the plaintiffs' consolidated actions against the defendant, Herbert O. Jensen. Jensen has filed an appeal from the court's order of dismissal. We affirm.

Zuern and Paul filed separate actions in the Small Claims Court of Burleigh County seeking damages against Jensen for allegedly filing improper liens against their property. Jensen removed the cases to county court where they were consolidated without objection by the parties. Thereafter, Jensen filed various actions against Zuern and Paul in both federal and state courts involving issues related to these actions filed by Zuern and Paul against Jensen. Zuern and Paul moved the county court to dismiss their actions without prejudice. The county court granted their motion in its December 7, 1982, order, from which Jensen has appealed.

The county court had authority to dismiss Zuern and Paul's actions under Rule 41(a) of the North Dakota Rules of Civil Procedure which provides in relevant part:

"*(a) Voluntary Dismissal—Effect Thereof.*

\* \* \* \* \* \*

(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dis-

missal under this paragraph is without prejudice."

On appeal, Jensen has raised various issues relating to the merits of the actions brought against him by Zuern and Paul. In view of the court's dismissal of those actions and of the well-settled rule that this Court does not issue advisory opinions, we conclude that the only issue raised by Jensen requiring a disposition by this Court on appeal is whether or not the district court erred in refusing to award costs and attorney fees to Jensen.

■ It is well-settled that attorney fees are not recoverable in an action unless expressly authorized by statute. *Hall GMC, Inc. v. Crane Carrier Company,* 332 N.W.2d 54 (N.D.1983). Jensen has not referred this Court to any statute which allows attorney fees to be assessed against a party whose action has been dismissed without prejudice upon his own motion. Although a trial court, under Section 28–26–01(2), N.D.C.C., may, in its discretion, award attorney fees if it finds a claim for relief is frivolous, Jensen did not assert that the plaintiffs' claim against him was frivolous nor did the trial court so find. Accordingly, we conclude that the trial court did not err in refusing to award attorney fees to Jensen.

Rule 54(e), of the North Dakota Rules of Civil Procedure, provides that costs and disbursements shall be allowed as provided by statute.

■ Section 28–26–12, N.D.C.C., sets forth those instances in which costs must be adjudged against a party whose action is dismissed:

> "*28–26–12. Costs on dismissal of action.*—When an action is dismissed from any court for want of jurisdiction or because it has not been transferred regularly from an inferior to a superior court, the costs must be adjudged against the party attempting to institute or bring up the action."

The foregoing section does not require costs to be assessed against a plaintiff whose action has been dismissed upon his own motion, nor has Jensen referred this Court to any other statutory provision requiring costs to be so assessed.

Under Section 28–26–10, N.D.C.C., the awarding of costs for or against a party is within the discretion of the trial court, and its decision in that regard will not be set aside on appeal unless the court has abused its discretion. *Liebelt v. Saby,* 279 N.W.2d 881 (N.D.1979). Zuern and Paul assert that they requested the court to dismiss their actions against Jensen because Jensen had filed various actions against them in federal and state courts through which their claims against Jensen could be litigated. Under the circumstances of this case, we conclude that the county court did not abuse its discretion in refusing to award costs to Jensen.

In accordance with this opinion, the order of the county court, dated December 7, 1982, is hereby affirmed.

VANDE WALLE, PEDERSON, SAND and PAULSON, JJ., concur.