**Delvin L. TREHUS, Appellee,**

v.

**JOB SERVICE OF NORTH DAKOTA, Appellant.**

**Civ. No. 10405.**

Supreme Court of North Dakota.

July 14, 1983.

Pulkrabek & Tuntland, Mandan, for appellee; argued by Benjamin Pulkrabek, Mandan.

Michael J. Wilma, Asst. Atty. Gen., Bismarck, for appellant.

SAND, Justice.

Job Service of North Dakota appealed from a district court "order" entered on 10 January 1983.

The district court issued findings of fact, conclusions of law and order for judgment dated 10 January 1983 in which it reversed the decision of Job Service and concluded that Delvin L. Trehus, the claimant, was entitled to unemployment compensation in the amount of $2,028.00. Judgment was also entered on 10 January 1983 and a notice of entry of judgment, together with affidavit of mailing, was filed in the district court of Burleigh County on 12 January 1983. Job Service filed a notice of appeal dated 24 February 1983 which provided that the appeal was from "the Order entered in

this action on the 10th day of January, 1983."

The right of appeal in this state is purely statutory and is a jurisdictional matter which we may consider sua sponte. *State v. Jefferson Park Books, Inc.,* 314 N.W.2d 73 (N.D.1981).

The statutory authorization for an appeal to this Court in a matter involving a decision of an administrative agency is North Dakota Century Code § 28–32–21 which provides as follows:

"The *judgment* of the district court in an appeal from a decision of an administrative agency may be reviewed in the supreme court on appeal in the same manner as provided in section 28–32–19, except that the appeal to the supreme court must be taken within sixty days after the service of the notice of entry of judgment in the district court."

In this instance the notice of appeal provides that it is from an "order" and not from a "judgment." Consequently, there is no statutory authorization for the instant appeal and it is dismissed.

ERICKSTAD, C.J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.