Herbert O. JENSEN, Plaintiff and Appellant,

v.

Edwin F. ZUERN, Defendant and Appellee.

Civ. No. 10384.

Supreme Court of North Dakota.

July 14, 1983.

Herbert O. Jensen, pro se.

Stephen D. Little (argued) and Kathryn L. Dietz, Asst. Attys. Gen., Bismarck, for defendant and appellee.

VANDE WALLE, Justice.

Herbert O. Jensen appealed from an order for summary judgment dismissing his complaint against Edwin R. Zuern. We dismiss the appeal.

Jensen filed a complaint which appears to involve allegations of a denial of Jensen's civil rights by Zuern in previous legal actions involving Jensen in which Zuern was either a party, an attorney for a party (the State of North Dakota), or both. Zuern[1] answered and moved for summary judgment or judgment on the pleadings. The district court of Burleigh County, on January 19, 1983, granted Zuern's motion to dismiss the complaint for failure to state a cause of action upon which relief may be granted. In the written opinion the trial judge stated that the opinion "may stand as an Order for Judgment and the Court's findings. Counsel may prepare the appropriate Judgment for the signature of the Clerk." On January 26, 1983, Jensen served a notice of appeal "from judgment of Judge Benny Graff on Plaintiff's 1983 complaint, On opinion dated January 19, 1983 to stand as a ORDER OF JUDGMENT." On January 27, 1983, the clerk of district court entered a judgment dismissing the complaint. On February 1, 1983, notice of entry of judgment was served on Jensen by mail. No further notice of appeal from the judgment has been filed.[2]

■ This court, in a series of recent decisions, stated that the right of appeal in this State is purely statutory and is a jurisdictional matter. We have held that an order for judgment, as opposed to a judgment, is not an appealable order. See *Trehus v. Job Service of North Dakota,* 336 N.W.2d 362 (N.D.1983); *In Interest of R.A.S.,* 321 N.W.2d 468 (N.D.1982); *Piccagli v. North Dakota State Health Dept.,* 319 N.W.2d 484 (N.D.1982); *First National Bank of Hettinger v. Dangerud,* 316 N.W.2d 102 (N.D. 1982); *Simpler v. Lowrey,* 316 N.W.2d 330 (N.D.1982); *Burich v. Burich,* 314 N.W.2d 82 (N.D.1981); *State v. Gasser,* 306 N.W.2d 205 (N.D.1981). See also *Gebeke v. Arthur Mercantile Company,* 138 N.W.2d 796 (N.D. 1965).

■ The time in which Jensen could take an appeal from the judgment has, of course, expired. Rule 4, N.D.R.App.P. Jensen, in oral argument, professed to not recognize the difference between an order for judgment and a judgment. Jensen represented himself at both the trial level and in this court; but rules or statutes will not be

1. In this appeal Zuern is, as he was at the trial court level, represented by the office of the North Dakota Attorney General. Section 32–12.1–15, N.D.C.C., requires the Attorney General to appear and defend all actions and proceedings against any State employee for alleged negligence within the scope of employment in any court in this State or of the United States. Zuern is a State employee and our reading of Jensen's complaint leaves no doubt in our minds that the allegations against Zuern are for actions within his scope of employment with the State. See *State for Ben. of Employ-* *ees of State v. Jensen,* 331 N.W.2d 42 (N.D. 1983).

2. Rule 4(a), N.D.R.App.P., governing appeals in civil cases does not contain a provision similar to that in 4(b), governing appeals in criminal cases, which specifies that a notice of appeal filed after the announcement of a decision, sentence, or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof.

modified or applied differently merely because a party not learned in the law is acting pro se. *State v. Gasser, supra.*

Although we have concluded that Jensen's appeal must be dismissed, we nevertheless have examined the allegations in his complaint and the trial court's order dismissing his complaint. We are convinced that the trial court properly dismissed the complaint. The issues raised by Jensen have been decided for either procedural or substantive reasons adversely to his position in *Zuern v. Jensen,* 336 N.W.2d 329 (N.D. 1983); *Paul v. Jensen,* 336 N.W.2d 329 (N.D.1983); *State for Ben. of Employees of State v. Jensen,* 331 N.W.2d 42 (N.D.1983); and by the Court of Appeals in *Jensen v. Klecker,* 702 F.2d 131 (8th Cir.1983).

For the reasons stated herein the appeal is dismissed.

ERICKSTAD, C.J., and SAND, PEDERSON and PAULSON, JJ., concur.