**Linda J. FEY, Plaintiff and Appellee,**

v.

**Robert L. FEY, Defendant and Appellant.**

**Civ. No. 10354.**

Supreme Court of North Dakota.

Aug. 4, 1983.

John V. Boulger, of Solberg, Stewart, Boulger & Miller, Fargo, for plaintiff and appellee.

Brian W. Nelson, Fargo, for defendant and appellant.

VANDE WALLE, Justice.

Robert Fey appealed from "the Findings of Fact, Conclusions of Law and Order for Judgment dated December 9, 1982, in the above entitled case." We dismiss the appeal.

The district court issued findings of fact, conclusions of law, and order for judgment dated December 9, 1982, in which it ordered, in part, that Linda be granted a divorce from Robert; that the parties have joint custody of their two children; that Robert be the primary custodial parent for the son and that Linda be the primary custodial parent for the daughter; that Robert pay Linda $150 per month as child support; that neither party should receive alimony from the other party; that Robert pay Linda $12,500 in monthly installments over seven years; and that the property of the parties be distributed as set forth in the findings. Judgment was entered, also on December 9, 1982, and notice of entry of judgment was served personally on Robert's attorney on that day. The notice of appeal, quoted in part above, was executed on December 14, 1982, and filed on December 17, 1982.

In *Trehus v. Job Service of North Dakota,* 336 N.W.2d 362 (N.D.1983), we noted that the right of appeal in this State is purely statutory and is a jurisdictional matter which we may consider sua sponte. See also *In Interest of R.A.S.,* 321 N.W.2d 468 (N.D.1982); *Simpler v. Lowery,* 316 N.W.2d 330 (N.D.1982). In *Trehus* the notice of appeal stated the appeal was from an order [and not from a judgment] and, because there is no statutory authorization for such an appeal, we dismissed it.

In a series of recent cases we have held that an order for judgment, as contrasted with the judgment itself, is not appealable. *Trehus, supra; Jensen v. Zuern,* 336 N.W.2d 330 (N.D.1983); *In Interest of R.A.S., su-*

*pra; Piccagli v. North Dakota State Health Dept.,* 319 N.W.2d 484 (N.D.1982); *First National Bank of Hettinger v. Dangerud,* 316 N.W.2d 102 (N.D.1982); *Simpler v. Lowery, supra; Burich v. Burich,* 314 N.W.2d 82 (N.D.1981); *State v. Gasser,* 306 N.W.2d 205 (N.D.1981). See also *Gebeke v. Arthur Mercantile Company,* 138 N.W.2d 796 (N.D.1965). We reached this result even though a judgment was, in fact, entered prior to the time the notice of appeal was filed.

■ Although we have, on occasion, reviewed the issues raised in the attempted appeal because of the "harsh results" of our holding, we have indicated this would not establish a precedent in the future. See, e.g., *In Interest of R.A.S., supra; Piccagli, supra; Burich, supra; State v. Gasser, supra.* In *Trehus, supra,* we did not discuss the issues although they had been briefed and this court dismissed the appeal sua sponte. The issues raised by Robert and argued by the parties involve the division of the property of the parties and child support. We have reviewed those issues and find them to be without merit.

■ Because the attempted appeal is from the findings of fact, conclusions of law, and order for judgment and not from a judgment, there is no statutory authorization for the appeal and it is dismissed.

ERICKSTAD, C.J., and PEDERSON, SAND and PAULSON, JJ., concur.