**UNION STATE BANK, a corporation,
Plaintiff and Appellee,**

v.

**Eldor MILLER, Defendant
and Appellant,**

**Eldor Miller and Ida Miller, individually,
and doing business as Nature's Farm
Trust and Freedom Farm, Defendants,**

**and**

**Sharold Geist, Garnishee,**

**and**

**Freedom Unlimited, Third-Party
Intervenor and Appellant.**

**Civ. No. 10758.**

Supreme Court of North Dakota.

Nov. 28, 1984.

Albert Kouba, Rapid City, Trustee, pro se, for third-party intervenor and appellant Freedom Unlimited.

Richardson, Blaisdell, Isakson & Lange, Hazen, for plaintiff and appellee Union State Bank; argued by Charles R. Isakson, Hazen.

Eldor Miller, Hazen, pro se.

SAND, Justice.

Eldor Miller and Freedom Unlimited appeal from an order for judgment of the District Court of Mercer County dated 1 June 1984. We dismiss the appeal.

On a prior appeal in this case, we affirmed a judgment against Eldor and Ida Miller in favor of Union State Bank. *Union State Bank v. Miller*, 335 N.W.2d 807 (N.D.), *cert. denied*, — U.S. —, 104 S.Ct. 554, 78 L.Ed.2d 727 (1983). The present appeal arises out of proceedings supplementary to the previously affirmed judgment. Union State Bank initiated garnishment proceedings on $16,000 rental payments allegedly payable to the Millers by Sharold Giest, whereupon Geist paid the disputed rental payments into court. Freedom Unlimited, which is described as a "common law trust," intervened in the garnishment proceedings, asserting that it was the rightful owner of the $16,000 in rental payments. A district court jury found that the Millers had conveyed real property to Freedom Unlimited with the intent to defraud creditors, and the trial court entered judgment awarding the rental payments to Union State Bank as partial payment of its previous judgment. Eldor Miller and Freedom Unlimited filed this attempted appeal.

■ The notice of appeal in this case states that "Defendant, Eldor Miller, and Intervenor, Freedom Unlimited, hereby give NOTICE OF APPEAL, and appeals to the North Dakota Supreme Court from the Order of Judge W.F. Hodny signed on June 1, 1984 and filed with the Office of the Clerk on June 5, 1984, ..." The order of 1 June 1984 referred to in the notice of appeal is the court's order for judgment. We have consistently held that an order for judgment is not an appealable order. *See, e.g., Fey v. Fey*, 337 N.W.2d 159, 160 (N.D. 1983); *Trehus v. Job Service of North Dakota*, 336 N.W.2d 362, 363 (N.D.1983); *Jensen v. Zuern*, 336 N.W.2d 330, 331 (N.D. 1983); *In the Interest of R.A.S.*, 321

N.W.2d 468, 470 (N.D.1982); *Piccagli v. North Dakota State Health Department,* 319 N.W.2d 484, 486 (N.D.1982).

The right of appeal in this state is governed by statute and is a jurisdictional matter which we will consider *sua sponte. See, e.g., State v. Gawryluk,* 351 N.W.2d 94, 94 (N.D.1984); *Fey v. Fey, supra,* 337 N.W.2d at 160; *Trehus v. Job Service of North Dakota, supra,* 336 N.W.2d at 363; *Jensen v. Zuern, supra,* 336 N.W.2d at 331. This Court has the duty to dismiss an appeal on its own motion if the attempted appeal fails for lack of jurisdiction. *City of Riverside v. Smuda,* 339 N.W.2d 768, 769 (N.D.1983); *State v. Lawson,* 321 N.W.2d 514, 515 (N.D.1982).

We have also reviewed the briefs, the record, and the transcripts, and have serious reservations that the issues raised by the appellants have any merit.

Because no statutory authority exists to appeal an order for judgment, it is a non-appealable order and does not confer jurisdiction upon the court. Therefore the appeal should be and accordingly it is dismissed.

ERICKSTAD, C.J., and GIERKE, PEDERSON and VANDE WALLE, JJ., concur.