**In the Matter of the Petition for Judicial Review of Administrative Proceedings of Job Service North Dakota by**

**John J. DAVIS, Appellant,**

v.

**STATE of North Dakota, JOB SERVICE, Appellee.**

**Civ. No. 10856.**

Supreme Court of North Dakota.

March 20, 1985.

Arline F. Schubert, Grand Forks, for appellant; argued by Arline F. Schubert.

Sidney J. Hertz, Asst. Atty. Gen., Bismarck, for appellee; argued by Sidney J. Hertz.

ERICKSTAD, Chief Justice.

John J. Davis appeals from "the Order affirming the decision of disqualification for job insurance benefits by the Appeals Referee of Job Service North Dakota. This Order was made by the Honorable Joel D. Medd, District Judge, in the Northeast Central Judicial District, Grand Forks County."

Davis filed a claim for unemployment compensation benefits with Job Service North Dakota, and thereafter received benefits commencing the week ending March 26, 1983, totaling $875. On April 28, 1983, Davis was notified by a Job Service claims deputy that he was disqualified from receiving benefits effective March 13, 1983, because he had been discharged by his most recent employer "for reasons which would constitute misconduct." An "errata" issued May 2, 1983, by the deputy corrected an error in the original determination and notified Davis that he was required to refund to Job Service the benefits previously paid him. Upon appeal of the determination, an administrative hearing was held June 16, 1983, after which an appeals referee made findings and conclusions and on that basis affirmed the disqualification. Davis requested and was granted review by Job Service which af-

firmed the referee's decision on August 11, 1983.

Davis appealed the decision of Job Service to the district court. The court issued a memorandum opinion dated March 22, 1984, and findings of fact, conclusions of law, and order for judgment dated May 1, 1984. Judgment was entered on May 7, 1984, affirming the decision of disqualification. Pursuant to the district court's "order to correct judgment" dated July 3, 1984, the findings of fact, conclusions of law, and order for judgment of the court were amended and an amended judgment was entered August 2, 1984, which reads in part:

"IT IS ORDERED, ADJUDGED AND DECREED that the decision of Job Service North Dakota, dated August 11, 1983, affirming the decision of disqualification for job insurance benefits by the Appeals Referee, dated June 21, 1983, is in all respects affirmed and that the case be remanded back to the Bureau for the Appeals Referee to make a finding on the issue of whether recoupment of the overpayment would be contrary to good conscience."

On appeal, Davis contends that the conclusion by Job Service that he was discharged for misconduct in connection with his most recent employment is not supported by a preponderance of the evidence and, assuming he was ineligible for the benefits which he did receive, it would be contrary to principles of equity and good conscience to require him to refund those payments.

Although the record does not disclose it, we are informed through the brief of Job Service that a hearing on the recoupment issue was held April 17, 1984, after which an appeals referee on May 6, 1984, determined that Davis must refund to Job Service those benefits he received to which he was not entitled. Job Service argues that Davis did not appeal the decision requiring him to refund the overpayment and that that issue is not properly before this Court. The record apparently discloses what Davis' attorney acknowledged during oral ar-

gument, that no appeal has been taken from the referee's decision on remand concerning the issue of recoupment.

The right of appeal in this state is governed by statute and is a jurisdictional matter which we may consider *sua sponte. Union State Bank v. Miller*, 358 N.W.2d 222 (N.D.1984). It is the duty of this Court to dismiss an appeal on our own motion if the attempted appeal fails for lack of jurisdiction. *Id.*

The statutory authorization for an appeal to this Court in a matter involving a decision of an administrative agency is Section 28–32–21, N.D.C.C., which reads:

> "The *judgment* of the district court in an appeal from a decision of an administrative agency may be reviewed in the supreme court on appeal in the same manner as provided in section 28–32–19, except that the appeal to the supreme court must be taken within sixty days after the service of the notice of entry of judgment in the district court." [Emphasis added.]

The notice of appeal filed by Davis provides that it is from an "order" and not from a "judgment." The record contains the district court's order for judgment and the court's "order to correct judgment." An order for judgment is not an appealable order. *Union State Bank v. Miller*, 358 N.W.2d 222; *Fey v. Fey*, 337 N.W.2d 159 (N.D.1983). Consequently, there is no statutory authorization for this appeal and it is dismissed. *Trehus v. Job Service of North Dakota*, 336 N.W.2d 362 (N.D.1983).

However, in the interests of justice, we have reviewed the briefs, the record compiled by Job Service and the transcript of the administrative hearing, and conclude that the agency's findings of fact are supported by a preponderance of the evidence; that the conclusions of law are sustained by the findings of fact; and that the agency's decision disqualifying Davis from receiving benefits is supported by the conclusions of law. § 28–32–19, N.D.C.C.; *Schadler v. Job Service North Dakota*, 361 N.W.2d 254 (N.D.1985); *Perske v. Job Service North Dakota*, 336 N.W.2d 146 (N.D. 1983).

The appeal is dismissed.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.