**Sandra OLSON, Appellant,**

v.

**JOB SERVICE NORTH DAKOTA and E.W. Wylie Corp., Appellees.**

**Civ. No. 10966.**

Supreme Court of North Dakota.

Dec. 18, 1985.

Alan Baker, argued, of Kirschner & Baker Legal Clinic, Fargo, for appellant.

Sidney Hertz Fiergola, argued and Michael J. Wilma, Asst. Attys. Gen., Bismarck, for appellees.

GIERKE, Justice.

This is an appeal by Sandra Olson from an order of the District Court of Cass County which affirmed a decision by Job Service North Dakota disqualifying Sandra from receiving unemployment benefits. We reverse and remand.

Sandra Olson was hired as a salaried employee by the E.W. Wylie Corporation on May 7, 1979. Wylie alleges that, at the time of hiring, Sandra agreed to refrain from the consumption of alcohol, both on and off the job. Sandra has said she does not recall entering into such an agreement.

During the evening of May 15, 1984, Sandra drank approximately two beers. Some two hours later she decided to drive to Jamestown. Before reaching Jamestown, she apparently fell asleep and her car went into the ditch. The police officer who assisted at the scene of the accident issued a citation for "care required in operating a vehicle".

After being treated and released at the Jamestown Hospital, she went to visit a friend, who was the director of nursing at the Jamestown State Hospital. Sandra was treated at the Jamestown State Hospital for emotional problems, unrelated to the consumption of alcohol, on May 16 and 17, 1984.

The hospital staff informed Wylie that Sandra would not be at work on May 16, 1984. Sandra later notified Wylie she would not be at work on May 17, 1984, because she was still hospitalized.

She was released from the hospital on May 17, 1984. She then returned to Fargo and met with representatives of Wylie. Later, on May 17, 1984, she was fired.

Sandra filed a claim for unemployment benefits with Job Service North Dakota but her claim was denied. On June 6, 1984, Job Service notified Sandra she was disqualified from receiving benefits because she had been discharged for misconduct. Upon appeal of this determination an administrative hearing was held on July 20, 1984. On July 27, 1984, the appeals referee issued a decision granting Sandra job insurance benefits effective May 20, 1984. Wylie then requested and was granted bureau review. The Job Service bureau review reversed the referee's decision on appeal, finding misconduct to be the ground for denial.

Sandra's next level of appeal was the district court. The district court issued findings of fact, conclusions of law, and order for judgment on March 11, 1985, in which it affirmed the decision of Job Service and concluded Sandra Olson should not

receive unemployment benefits. Judgment was entered on April 11, 1985, and a notice of entry of judgment, together with an affidavit of mailing, was filed in the District Court of Cass County on April 16, 1985. Sandra Olson filed a notice of appeal on April 19, 1985, which provided the appeal was from "the Order of the Cass County District Court ... on February 19, 1985".

The right of appeal in this state is statutory and is a jurisdictional matter which we may consider sua sponte. *Union State Bank v. Miller*, 358 N.W.2d 222 (N.D.1984).

■ The statutory authorization for an appeal to this court when the matter involves an administrative decision is § 28-32-21 of the North Dakota Century Code. In this instance the notice of appeal provides that it is from an "order" and not from a "judgment". In the past we have held, when reviewing an appeal brought forth from an order, that we have no statutory authorization. *Davis v. State of North Dakota, Job Service*, 365 N.W.2d 497 (N.D.1985); *Union State Bank v. Miller*, 358 N.W.2d 222 (N.D.1984); *Fey v. Fey*, 337 N.W.2d 159 (N.D.1983); *Trehus v. Job Service of North Dakota*, 336 N.W.2d 362 (N.D.1983). At this time and in the future, we will consider an appeal to be properly before this court when the appeal is from an "order" and the record includes a "judgment" which is consistent with the order. We have determined that in the interest of justice this is a prudent change which will preserve those appeals which, but for an error by the appellant, would have been reviewed on their merits. Therefore, the instant appeal is now properly before this court.

The standard of review on appeal from an administrative agency decision is governed by § 28-32-19, N.D.C.C. This court on review looks to the decision of the administrative agency rather than the decision of the district court. *Schadler v. Job Service of North Dakota*, 361 N.W.2d 254, 256 (N.D.1985). We do not substitute our judgment for that of the agency. *Asbridge*

*v. North Dakota State Highway Com'r*, 291 N.W.2d 739, 743 (N.D.1980).

The primary issue on appeal is whether or not Job Service was justified in denying benefits to Sandra because of her conduct.

■ A worker is disqualified from receiving benefits only after he has been "discharged for misconduct in connection with his last employment". § 52-06-02(2), N.D.C.C. Misconduct which may justify discharge may not justify a denial of benefits under our unemployment compensation laws. The term "misconduct" is not defined in North Dakota unemployment compensation law. In *Perske* we have adopted the widely accepted definition of "misconduct" as originally enunciated in *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 296 N.W. 636, 640 (1941). *Perske v. Job Service North Dakota*, 336 N.W.2d 146 (N.D. 1983).

In *Perske*, we quote *Boynton* for the following definition of "misconduct":

"... conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed 'misconduct' within the meaning of the statute." *Boynton, supra* 296 N.W. at 640." *Perske, supra*, 148-49.

■ The question of whether or not Sandra's behavior is "misconduct" is a question of law reviewable on appeal. The *Boynton* definition as reproduced above is properly directed at conduct by the employee which results in harming the employer's

interests. *Boynton, supra.* Job Service found that Sandra was terminated from her employment and should be denied benefits for consuming alcoholic beverages *off* duty. We do not agree that Sandra's conduct resulted in harm to Wylie's interests.

Job Service argues we should look to *Gregory v. Anderson,* 14 Wis.2d 130, 109 N.W.2d 675 (1961), for direction on the instant case. There the court held that an employee was properly denied benefits because the cause of his discharge constituted misconduct for consuming alcoholic beverages while off duty. The employees' continued employment was predicated on his adherence to a written agreement wherein he agreed not to consume alcoholic beverages on or off duty.

The employee's conduct which caused his termination involved two incidents of alcohol consumption. The first incident resulted in the employee's being stopped by a police officer for driving a motor vehicle while intoxicated. The second incident resulted in his injuring himself and his consequent hospitalization.

The reason for the *Gregory* employment agreement was that the employee's job required driving a delivery truck to local taverns and the employer had to maintain insurance on the trucks. The insurance was difficult to obtain partially because the delivery trucks serviced taverns and the insurer was hesitant to insure with the increased risk of the drivers' consuming alcoholic beverages during duty hours or shortly thereafter. The insurer testified that the decisive factor in inducing the insurance company to accept the risk of insuring the employer was the employer's rule prohibiting employee consumption of alcohol.

The *Gregory* court had earlier defined misconduct in *Boynton.* In *Gregory* it found that an off-duty rule must bear a reasonable relationship to the employer's interests. *Gregory, supra,* 679. The court found the significant factor to be that the employer had great difficulty securing insurance coverage and that the employee knew the rule was a necessity in order to guarantee the continuation of the coverage. On the unique facts of *Gregory,* the court concluded that the violation of the rule was reasonably related to the employer's interests.

In the instant case, Sandra's off-duty consumption of alcohol is not shown to pose a threat to Wylie's business interests. We do not see a reasonable relationship between the off-duty rule and the employer's interests. We cannot conclude that Sandra's conduct constitutes misconduct within the definition of *Boynton.* We reverse the decision of the district court which affirmed Job Service's denial of benefits and remand to Job Service for a decision consistent with this opinion.

ERICKSTAD, C.J., and MESCHKE and LEVINE, JJ., concur.

VANDE WALLE, Justice, concurring in part and dissenting in part.

I agree with the majority opinion insofar as it disposes of the issue of the appealability of the order for judgment. I do not agree with the majority opinion in its disposition of the merits of the appeal.

In *Schultz v. North Dakota Dept. of Hum. Serv.,* 372 N.W.2d 888 (N.D.1985), we held that an administrative agency may reject a hearing examiner's decision on a question involving credibility of contradictory witnesses and that on appeal our inquiry is limited to a review of the findings, conclusions, and decision of the agency, but that the findings, conclusions, and decision should be sufficient to explain the rationale for not following the hearing officer's recommendation.

On appeal we determine only whether or not a reasoning mind could reasonably have concluded that an oral agreement between Olson and E.W. Wylie Corporation did exist and that Olson's violation of that agreement caused her termination. *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214 (N.D. 1979).

In *Gregory v. Anderson,* 14 Wis.2d 130, 109 N.W.2d 675 (1961), cited by the majority, the Wisconsin Supreme Court reversed

a decision of the Industrial Commission of that State awarding the employee benefits.

A review of the evidence reveals that under such a standard of review the findings of Job Service cannot be set aside. Furthermore, the conclusion of Job Service that Olson's violation of such agreement was "misconduct" within the meaning of Section 52–06–02(2), N.D.C.C., and our decision in *Perske v. Job Service North Dakota*, 336 N.W.2d 146 (N.D.1983), is correct. Under the decision of the majority, employers who, because of their convictions, require adherence to principles which do not violate the constitutional rights of the employee as a condition of employment, are helpless to protect those convictions. They may terminate the employee but will pay the price for those convictions via increased contributions to the unemployment compensation fund under the guise that the employee misconduct does not bear a "reasonable relationship to the employer's interests."

I would affirm the judgment of the district court affirming the decision of Job Service.