**Dr. Ralph KILZER, Plaintiff and Appellee,**

v.

**Anton BINSTOCK and Mildred Binstock, Defendants and Appellants.**

Civ. No. 10355.

Supreme Court of North Dakota.

Nov. 3, 1983.

Tschider & Smith Law Offices, Bismarck, for plaintiff and appellee; argued by Sean O. Smith, Bismarck.

Wold & Jacobs, Minneapolis, Minn. for defendants and appellants; argued by Peter B. Wold, Minneapolis.

SAND, Justice.

This is an appeal from an order denying a motion for a new trial. Ralph Kilzer brought an action against Anton and Mildred Binstock to require them to comply with an option agreement entered into between Kilzer and Binstock and to require the Binstocks to give immediate possession of certain real property to Kilzer, and for damages resulting from the loss of rent as a result of the failure to perform in accordance with the option agreement.

After a bench trial, the court issued its order for judgment dated 21 October 1982 directing judgment to be entered in favor of Kilzer. A judgment was issued on 22 October 1982. The notice of entry of judgment was served on Binstock by mail on 25 October 1982. The notice of appeal, dated 16 December 1982, stated that the appeal

was from "the Order of District Court entered October 21, 1982, finding in favor of the plaintiff in all respects and ordering judgment accordingly." Binstocks, on 16 December 1982, made a motion for a new trial which was denied on 10 March 1983. On 25 March 1983 an amended notice of appeal was filed appealing the order 10 March 1983 denying Binstock's motion for a new trial.

■ The right of appeal in this State is purely statutory and is a jurisdictional matter which may be considered sua sponte by the appellate Court. *Trehus v. Job Service of North Dakota,* 336 N.W.2d 362 (N.D. 1983), *State v. Jefferson Park Books, Inc.,* 314 N.W.2d 73 (N.D.1981). North Dakota Century Code § 28–27–02 specifies what is appealable.

■ An order for judgment is not included in the statute as an appealable order and as a result is not appealable. *Trehus, supra; Olness v. Duffy,* 49 N.D. 933, 194 N.W. 113 (1923); *Great Northern Railway Co. v. Mustad,* 76 N.D. 84, 33 N.W.2d 436 (1948). We, therefore, conclude that the appeal stemming from the amended notice of appeal including the original notice of appeal is valid but only with regard to the order denying the motion for a new trial, and that any attempted appeal from the judgment was, and is, invalid.

Binstocks contended that Morris Tschider, attorney for Kilzer, also acted as attorney for Binstock in drafting the document and in negotiating with the parties leading up to the final agreement which culminated in the execution of the option and the contract for deed in question. Binstock further contended that Morris Tschider, the attorney for Kilzer, testified at the trial against his former clients, Anton Binstock and Mildred Binstock. The attorney's testimony concerned conversations he had with Anton Binstock and Clarence Haggard. His testimony also involved activities he undertook on behalf of Binstock in drafting the documents and the negotiations leading to the final agreement. The testimony of Tschider, according to Binstock, can be viewed as contradicting his own client's testimony on

several points. However, no objection regarding the testimony of Morris Tschider was made at the trial. The foregoing arguments were made for the first time in support of a motion for a new trial, which was denied. Substantially the same arguments were presented to this Court on appeal.

We have repeatedly said that granting or denying a motion for a new trial is a matter that comes within the sound discretion of the trial court and will not be overturned unless the trial court abused its discretion by having acted unreasonably, arbitrarily or unconscionably.

In *Besette v. Enderlin School District No. 22,* 310 N.W.2d 759 (N.D.1981), we had under consideration whether or not the trial court erred in not permitting the attorneys for one of the parties to testify. In resolving this question we took notice of the Code of Professional Responsibility, Disciplinary Rule 5–102(A), and commented thereon:

"'(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).'

"DR 5–102(A) requires that an attorney, upon learning that he must testify on behalf of his client, shall withdraw from the case and his firm shall not continue representation of the case unless one of the circumstances enumerated under DR 5–101(B) is present. Neither Mr. Jones nor his firm offered to withdraw from the case, nor was there an attempt to show that any circumstance under DR 5–101(B) was applicable. It was not incumbent upon the trial court to request Mr. Jones to withdraw as counsel so that he may be allowed to testify.

"It is inconsistent to act as both advocate and witness at a trial. The practice

is discouraged by both the Code of Professional Responsibility and the courts, and it is within the trial court's discretion to allow or refuse to allow an attorney to testify on behalf of his client. *See, People v. Attaway,* 41 Ill.App.3d 837, 354 N.E.2d 448 (1976); *People v. Stratton,* 64 Mich.App. 349, 235 N.W.2d 778 (1975); *People v. Johnson,* 46 Mich.App. 212, 207 N.W.2d 914 (1973). If Mr. Wavra had given surprise testimony at the trial inconsistent with his deposition testimony or if counsel for Besette had offered to withdraw from the case perhaps it would have been an abuse of discretion for the trial court to refuse to allow Mr. Jones to testify. However, that question is not before us today. Under the circumstances of this case we conclude that the trial court did not abuse its discretion in refusing to allow Mr. Jones to testify as a rebuttal witness." *Besette, supra,* 310 N.W.2d at 764.

The record, however, reflects that no objection was made at the trial regarding the testimony of the attorney. This issue was not raised until the motion for a new trial was made by new or different counsel. Binstock's counsel at the trial had adequate knowledge that Kilzer was represented by the law firm of Tschider and Smith in the land transactions involving the Binstocks, Kilzer and Bay.

We are aware that in land transactions one party or the other will occasionally invite the other party to come to his or her lawyer's office for completion of the transaction and the lawyer will discuss or explain, as the occasion arises, some of the legal effects of the contract. We express no views on this practice but make only the observation that it exists. For this additional reason the respective parties are expected to raise any objection regarding the attorney testifying at trial. The parties, rather than the court, should know if the conditions are proper for the attorney to testify. The court should not be put in a position of even appearing to be an advocate of one side or the other.

We have repeatedly said that issues not raised or presented to the trial court are not ripe for resolution by this Court if raised for the first time on appeal. This Court, on appeal, does not try new issues or act as a trial court, but rather reviews the actions of the trial court. *Mattis v. Mattis,* 274 N.W.2d 201 (N.D.1979). Merely because new or different counsel represented Binstocks on the motion for a new trial and on appeal does not afford such counsel a different position or standing from that of the former counsel. A successor to prior counsel is bound by the same legal issues that existed and may raise only those issues that prior counsel could have raised. The issues of the respective parties remain the same even though a change in counsel has occurred. *Rummel v. Rummel,* 265 N.W.2d 230, 231 (N.D.1978).

After a review of the record we find that there is sufficient evidence to support the findings of the trial court and the resulting judgment.

Our review of the record discloses that the conditions and requirements for a new trial as set out in Rule 59, North Dakota Rules of Civil Procedure, have not been met. We conclude that the trial court did not abuse its discretion in denying the motion for a new trial and, accordingly, we affirm the order denying the motion for a new trial.

ERICKSTAD, C.J., PEDERSON and PAULSON, JJ., and BACKES, District Judge, concur.

PAULSON, J., sitting as Surrogate Judge.

BACKES, District Judge, sitting in place of VANDE WALLE, J., disqualified.