Anton BINSTOCK and Mildred
Binstock, Plaintiffs and
Appellants,

v.

Morris A. TSCHIDER, Defendant
and Appellee,

Sean Smith; the law firm of Tschider and
Smith, P.A.; Thomas Disselhorst; Gerald Jukkala; and the law firm of Hjellum, Weiss, Nerison, Jukkala & Wright,
Defendants.

Civ. No. 10895.

Supreme Court of North Dakota.

Sept. 4, 1985.

Wold, Jacobs & Johnson, Minneapolis, Minn., for plaintiffs and appellants; argued by Keith D. Johnson, Minneapolis, Minn. Appearance by Peter B. Wold, Minneapolis, Minn.

Zuger & Bucklin, Bismarck, for defendant and appellee; argued by James S. Hill, Bismarck.

GIERKE, Justice.

Anton and Mildred Binstock [hereinafter singly and collectively referred to as Bin-

stock] appeal from a district court summary judgment dismissing their action against Morris A. Tschider. We affirm.

In 1975, Binstock offered for sale through a realtor a 480-acre tract of land and a 151-acre tract of land. Dr. Ralph Kilzer ultimately purchased the 480-acre tract and secured an option until January 1982 to purchase the 151-acre tract.[1] Tschider, an attorney, drafted all of the documents incidental to the transaction.[2] Among those documents, which were executed in January 1976, were two earnest money contracts, a contract for deed, and an option agreement.

In September 1976, Binstock received in the mail from Tschider the completed sale documents. Binstock asserts that, when he then realized for the first time that the terms of the sale of the 480-acre tract included an option on the 151-acre tract, he informed Tschider and Kilzer that he did not agree to grant an option, after which he believed Kilzer would not exercise the option.

In December 1981, Kilzer exercised the option to purchase the 151-acre tract. When Binstock refused to grant possession, Tschider's law firm commenced an action on behalf of Kilzer for specific performance of the option and recovery of damages for lost rents resulting from Binstock's refusal of possession. Binstock asserted that he signed blank documents and that there was no option on the 151-acre tract. Tschider denied that any blank documents were signed and asserted that Binstock executed a fully-drafted option agreement. Tschider testified as a witness in the trial of the action, which resulted in a

judgment granting Kilzer specific performance of the option agreement and damages for the reasonable rental value of the property for 1982. While no appeal was taken from that judgment, we affirmed the trial court's denial of Binstock's motion for a new trial in *Kilzer v. Binstock*, 339 N.W.2d 569 (N.D.1983).

After our decision was rendered in *Kilzer v. Binstock, supra,* Binstock commenced the present action against the defendant attorneys and law firms. With respect to Tschider, the complaint alleges, among other things, that: (1) Tschider was negligent in drafting the documents in the Kilzer-Binstock land transaction; (2) Tschider was negligent in commencing the action on behalf of Kilzer against Binstock; (3) Tschider was negligent in testifying at the trial of Kilzer's action against Binstock; and (4) the "conduct and activities of the Defendants ... were effected in willful disregard of and indifference to the rights of the Plaintiffs, showing oppression, fraud and malice."[3]

Tschider filed a motion for summary judgment of dismissal on the grounds that Binstock's claims against him were barred by the doctrine of collateral estoppel because the issues raised in this action were decided in *Kilzer v. Binstock, supra,* and that action on Binstock's claims regarding the alleged negligent drafting of the documents involved in the Kilzer-Binstock land transaction in 1975 and 1976 was barred by the statute of limitations set forth in § 28–01–18, N.D.C.C. Binstock opposed the motion on the grounds that: (1) the issues of whether or not an attorney-client relationship existed between Tschider and

---

1. Binstock has asserted that the first time he met Kilzer he informed Kilzer that the 151–acre tract was not for sale and that he never agreed to grant Kilzer an option to purchase the 151–acre tract.

2. There is a dispute among the parties as to whether Tschider was representing Binstock, Kilzer, or both Binstock and Kilzer.

3. Binstock asserts that the complaint alleges a cause of action for fraud against Tschider in his

representation and assistance in enforcing the option against Binstock. Tschider asserts that Binstock has failed to plead fraud with the specificity required by Rule 9, N.D.R.Civ.P. Binstock responds that fraud was pled with the required specificity and, "in any event, this issue was not addressed by the trial court." Because of our disposition of this appeal, we need not determine if the complaint adequately alleges fraud.

Binstock and whether or not Tschider negligently represented Binstock were not actually litigated and decided in the prior action; and (2) Binstock's cause of action regarding Tschider's negligent drafting of the earnest money contract and option agreement was not barred by § 28–01–18, N.D.C.C., because the earliest date that Binstock was injured was when the option was exercised in December 1981. Binstock argued that the injury was the actual loss of the 151-acre tract through exercise of the option; that the exact date of injury was a question of fact; and that, in any event, the statute of limitations was tolled under either the "continuous representation rule" or the "concealment rule." The trial court granted the motion for summary judgment[4] and a judgment dismissing the action against Tschider was entered pursuant to the trial court's certification under Rule 54(b), N.D.R.Civ.P. Binstock has appealed from the judgment and asserted that the cause of action raises genuine issues of material fact rendering summary judgment inappropriate.

■ Summary judgment under Rule 56, N.D.R.Civ.P., should be granted only if, after taking the view of the evidence most favorable to the party against whom summary judgment is sought, it appears that there are no genuine issues as to material facts or conflicting inferences from the facts. *Albers v. NoDak Racing Club, Inc.*, 256 N.W.2d 355 (N.D.1977). Our task on appeal from summary judgment is to determine:

"Did the information available to the trial court, when viewed in a light most favorable to the opposing party, preclude the existence of a genuine issue as to any material fact and entitle the moving party to summary judgment as a matter of law?" *Johnson v. Haugland*, 303 N.W.2d 533, 537 (N.D.1981).

■ Although the movant under Rule 56, N.D.R.Civ.P., has the burden of establishing that no genuine issue of material fact exists, when a motion for summary judgment is made and supported as provided in the rule, the adverse party must raise a genuine issue of material fact precluding summary judgment by setting forth specific facts showing that there is a genuine issue for trial. *Albers v. NoDak Racing Club, Inc., supra; Johnson v. Community Development Corporation of Wahpeton*, 222 N.W.2d 847 (N.D.1974). As we said in *First Nat. Bank of Hettinger v. Clark*, 332 N.W.2d 264, 267 (N.D.1983):

"A party resisting a motion for summary judgment has the responsibility of presenting competent admissible evidence by affidavit or other comparable means, NDRCivP 56(e); *Spier v. Power Concrete, Inc.*, 304 N.W.2d 68 (N.D. 1981); and, if appropriate, drawing the court's attention to evidence in the record by setting out the page and line in depositions or other comparable document containing testimony or evidence raising a material factual issue, or from which the court may draw an inference creating a material factual issue.

"In summary judgment proceedings the trial court has no legal obligation,

---

4. The trial court's order for summary judgment states, in pertinent part:

"The Court finds that there is no genuine issue of material fact as to whether or not Morris A. Tschider was representing the plaintiffs in the Kilzer-Binstock land sale, as that issue was resolved in *Kilzer v. Binstock*, 339 N.W.2d 569 (ND 1983) and thus that issue is barred by the doctrine of collateral estoppel.

"The Court further finds there is no genuine issue of material fact as to whether or not the plaintiffs' claims are barred by the statute of limitation, § 28–01–18(3) NDCC, *in the draft-*

*ing of the instruments for the Kilzer-Binstock land sale:*

As no later than September of 1976, Anton Binstock knew, or with reasonable diligence, should have known, (1) of the alleged injury; (2) of its alleged cause; and (3) of the defendant's possible negligence.

"The Court finds that the statute of limitations, § 28–01–18(3), expired no later than September, 1978, and this law suit was initiated in December of 1983." [Emphasis added.]

judicial duty, or responsibility to search the record for evidence opposing the motion for summary judgment. This principle and legal concept applies equally well, or more so, to appellate proceedings involving an appeal from the granting of a summary judgment for the further reason that the appellate court, except for jurisdictional matters and taking judicial notice, generally considers only those issues raised in the trial court."

■ In determining when an action for legal malpractice is barred by the passage of time, we recently said in *Wall v. Lewis*, 366 N.W.2d 471, 473 (N.D.1985):

"The two-year statute of limitations under Section 28–01–18(3), NDCC, is applicable to an action brought against an attorney for professional malpractice. *Johnson v. Haugland*, 303 N.W.2d 533 (N.D.1981). The statute commences to run when,

'plaintiff knows, or with reasonable diligence should know, (1) of the injury, (2) its cause, and (3) defendant's possible negligence.'

*Phillips Fur and Wool Co. v. Bailey*, 340 N.W.2d 448, 449 (N.D.1983).

\* \* \* \* \* \*

"A cause of action for legal malpractice does not accrue, and the statute of limitations does not commence to run, until the client has incurred some damage. *Luick v. Rademacher*, 129 Mich. App. 803, 342 N.W.2d 617 (1983); *Ameraccount Club, Inc. v. Hill*, 617 S.W.2d 876 (Tenn.1981); *Budd v. Nixen*, 6 Cal.3d 195, 491 P.2d 433, 98 Cal.Rptr. 849 (1971). The proposition is succinctly stated by the California Supreme Court in *Budd, supra:*

'... until the client suffers appreciable harm as a consequence of his attorney's negligence, the client cannot establish a cause of action for malpractice....

'The cause of action arises, however, before the client sustains all, or even the greater part, of the damages occasioned by his attorney's negligence.... Any appreciable and actual harm flowing from the attorney's negligent conduct establishes a cause of action upon which the client may sue.' "

The trial court determined that there was no genuine issue of material fact as to whether or not Binstock's claims in regard to the drafting of the instruments for the Kilzer-Binstock land transaction were barred by § 28–01–18(3), N.D.C.C. We agree.

Binstock testified by deposition that he had purchased the land for his son, Terry; that he found that he had signed the option when he received the Kilzer-Binstock land transaction documents in September 1976; that he thereafter told Tschider and Kilzer that he did not agree to the option; that as of September 1976 he knew that the option agreement existed and unless something was done the property could be taken away by exercise of the option; that he did not think the option would be exercised; that no one had given him any assurances that the option would not be exercised; that the existence of the document would cause him "problems"; that, while he and Terry had previously made improvements to the land, they did not make any major improvements to the property after September 1976 because they knew that the option might be exercised; and that as long as the option existed, he would be unable to sell the land.

■ From our review of the information presented to the trial court, we conclude that, at least by September 1976, when Binstock received and examined copies of the documents executed in the Kilzer-Binstock land transaction, Binstock (1) knew that he had been injured by the grant of a purchase option to Kilzer; (2) knew that the cause of the injury was the insertion of a purchase option into the documents involved in the Kilzer-Binstock land transaction and the execution of a separate option agreement; (3) knew of the possible negli-

gence of Tschider in inserting the purchase option into the documents involved in the Kilzer-Binstock land transaction, drafting and having Binstock execute the separate option agreement; and (4) knew that he had incurred damage. Thus, there is no genuine issue of material fact as to whether or not suit on Binstock's claims in regard to the drafting of the instruments for the Kilzer-Binstock land transaction was barred by § 28–01–18(3), N.D.C.C.

We do not agree with Binstock's argument that the "earliest date on which it could be said that the Binstocks were injured would have been the date on which the option was exercised." As a matter of law, Binstock was injured when the option was created, thereby giving Kilzer the right to purchase the property. The option was an encumbrance that reduced the value of the property, limited the right of disposition, and prevented Binstock or Terry Binstock from making further improvements to the property because of their fear that they would lose their investments in improvements. The fact that greater damage was suffered when the option was exercised does not alter the fact that substantial damage was suffered when the option was created.

Binstock asserts that the statute of limitations was tolled by Tschider's concealment of a cause of action against him. Binstock has not, however, drawn our attention to any material facts in the record showing that Tschider concealed anything about any cause of action against him for negligence in the drafting of the instruments in the Kilzer-Binstock land transaction that Binstock did not otherwise know.

Binstock also asserts that the statute of limitations was tolled by the "continuous representation rule" stated in R. Mallen and V. Levit, Legal Malpractice § 391 (2d Ed.1981):

> "Concern about preserving the attorney-client relationship and enabling the attorney to correct or avoid the consequences of his error has resulted in the adoption in several states of what is appropriately called the 'continuous representation' rule.
>
> \* \* \* \* \* \*
>
> "The effect of the rule is to toll or defer accrual. Its premise is that 'the cause of action in an attorney malpractice case should not accrue until the attorney's representation concerning a particular transaction is terminated.'
>
> \* \* \* \* \* \*
>
> "[T]he inquiry is not whether there still exists an attorney-client relationship, but when the representation of the specific matter terminated." [Footnotes omitted.]

Binstock has shown that he and Tschider had an attorney-client relationship with regard to other matters, both before and after the Kilzer-Binstock land transaction. Binstock has not, however, drawn our attention to any evidence in the record raising a fact issue as to whether Tschider represented Binstock with regard to the option after Binstock informed Tschider that he did not agree to the option. Our attention has not been drawn to any facts indicating that Tschider was doing anything "to correct or avoid the consequences of his error" in drafting the option; that Tschider in any way indicated that he intended to do anything further with regard to the option; or that Binstock believed that Tschider was going to be doing anything further with regard to the option. Thus, Binstock has not drawn our attention to any evidence requiring application of the continuous representation rule.

Relying on *Fetch v. Buehner*, 200 N.W.2d 258 (N.D.1972), and *Krueger v. St. Joseph's Hospital*, 305 N.W.2d 18 (N.D. 1981), Binstock asserts that Tschider is barred from asserting the statute of limitations as a defense by the doctrine of equitable estoppel. Binstock has not, however, drawn our attention or that of the trial court to any statements in the record made by Tschider that Binstock relied on in failing to commence an action within the limitation period.

We conclude that no genuine issue of material fact has been raised as to whether or not Binstock's claims in regard to the drafting of the instruments for the Kilzer-Binstock land transaction were barred by § 28–01–18(3), N.D.C.C., and that no genuine issues of material fact have been raised which would toll the statute of limitations under either a "concealment rule" or a "continuous representation rule," or which would preclude Tschider from asserting the statute of limitations as a defense under the doctrine of equitable estoppel.

The foregoing determinations render it unnecessary for us to decide if there exists a genuine issue of material fact as to whether or not Tschider was representing Binstock in the Kilzer-Binstock land transaction, and whether or not that issue was determined in *Kilzer v. Binstock, supra.*

■ Finally, Binstock argues that there are genuine issues of material fact with regard to his causes of action for fraud and negligence in Tschider's representation and assistance of Kilzer in enforcing the option, as distinguished from the drafting of the instruments for the Kilzer-Binstock land transaction. Assuming, *arguendo,* that Tschider's allegedly improper actions in representing and assisting Kilzer in enforcing the purchase option might constitute violations of the North Dakota Code of Professional Responsibility, under the circumstances of this case they do not constitute actionable negligence because Binstock's claimed damages obviously do not arise from Tschider's assisting Kilzer in enforcing the option. *Cf., Martinson Bros. v. Hjellum,* 359 N.W.2d 865 (N.D. 1985). With regard to the matter of fraud, Binstock has not drawn "to the attention of the district court, and this Court, the evidence in the record which would have raised a material factual issue" [*Gowin v. Hazen Memorial Hospital Ass'n,* 349 N.W.2d 4, 9 (N.D.1984)], thereby rendering summary judgment inappropriate. Binstock's response to the motion for summary judgment did not "set forth specific facts showing that there is a genuine issue for trial" [Rule 56(e), N.D.R.Civ.P.; *Johnson v. Community Development Corporation of Wahpeton, supra*] on the allegation of fraud.

The summary judgment is affirmed.

ERICKSTAD, C.J., LEVINE and MESCHKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of VANDE WALLE, Justice, disqualified.